FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 04 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
LUIS RODRIGUEZ,

                *Petitioner*,

      -*against*-

SUPERINTENDENT BELL,

                *Respondent*.
----------------------------------------x

MEMORANDUM AND ORDER

19-cv-3218(KAM)

**KIYO A. MATSUMOTO, United States District Judge**:

    Petitioner, currently incarcerated at Clinton Correctional Facility, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his 2015 conviction in the Supreme Court of the State of New York, Kings County. *See People v. Rodriguez*, 160 A.D.3d 779 (App. Div., 2d Dep't Apr. 11, 2018), *lv denied*, 31 N.Y.3d 1086 (May 25, 2018). The Rules Governing Section 2254 Cases in the United States District Courts ("2254 Rules") provide that a court must "promptly examine" a petition once it is filed. The court has so reviewed the petition filed in this action and finds that it is plainly deficient.

    A district court can only entertain a petition for a writ of habeas corpus on behalf of a person in state custody on the basis that the person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Rule 2(c) of the 2254 Rules consequently

1

requires that a petitioner "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." If the petitioner is proceeding *pro se*, however, the reviewing court should review his petition "with a lenient eye, allowing borderline cases to proceed." *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

Petitioner submitted his request for a writ of habeas corpus using the form petition, which instructs a petitioner to "state every ground on which [he or she] claim[s] [he or she is] being held in violation of the Constitution, laws, or treaties of the United States." Yet, petitioner left this section blank, and did not provide this information anywhere in the petition. The petition states that on October 8, 2015, petitioner was sentenced to "25 years with 5 years post release," and that he was convicted of "manslaughter in the first degree." (Pet. ¶¶ 2(b), 3, 5.) The sole statement petitioner made concerning his petition is that "as a first time felony offender[,] [he] was eligible for a sentence between 5-25 years." Petitioner did not, however, explain how this renders him eligible for relief pursuant to 28 U.S.C. § 2254. Petitioner's failure to provide any grounds for relief, or any facts supporting his application whatsoever, could present grounds for dismissal on the basis that his petition fails to state a claim upon which relief may be granted. *See id.*

2

Given petitioner's *pro se* status, however, the court will grant him thirty (30) days from the date of this Memorandum and Order to file an amended petition that provides facts to support his claim that he is being held in violation of the Constitution or laws of the United States. Petitioner must set forth in this amended petition both (1) the specific grounds supporting his claim that he is being held in violation of the Constitution, laws, or treaties of the United States *and* (2) facts supporting those grounds. If petitioner fails to amend his petition within thirty days, the court is likely to dismiss this petition for failure to state a claim upon which relief may be granted, which may render any subsequent petition a "second or successive" petition, as described below.

Petitioner should be aware that the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), "requires a petitioner, prior to filing a second or successive petition for habeas corpus relief in the district court, to obtain from the relevant court of appeals an order authorizing the district court to consider that petition." *Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). "[A] petition shall be classified as 'second or successive' if a prior petition, challenging the same conviction, has been decided 'on the merits.'" *Id.* (citing *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998); *cf.*

*Carter v. United States*, 150 F.3d 202, 205 n.5 (2d Cir. 1998) (per curiam) (discussing the Rules Governing § 2254 Cases and the Supreme Court's statement that a petition is only second or successive if an initial petition was dismissed on the merits)).

Given the restrictions imposed on second or successive petitions, petitioner should also consider whether he would prefer to instead voluntarily withdraw his petition to "avoid a future claim that a subsequent proceeding is a second or successive application for habeas relief." *Aguirre v. Killiam*, No. 07-cv-10392 (LTS) (THK), 2009 WL 2876259, at *2 (S.D.N.Y. Sept. 8, 2009). Such restrictions "might preclude [a petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in th[e] petition." *Perry v. Sheahan*, No. 16-CV-517, 2016 WL 3632596, at *1 (W.D.N.Y. July 7, 2016) (quoting *Cook v. New York State Div. of Parole*, 321 F.3d 274, 281 (2d Cir. 2003) (internal quotation marks omitted)).

The Clerk of Court is directed to serve a copy of this Memorandum and Order and a form "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" on *pro se* petitioner and to note service on the docket. Respondent need not answer or respond at this time, and all further proceedings shall be stayed for thirty (30) days or until Petitioner has complied with this Order.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: October 2, 2019
       Brooklyn, New York

                                              s/KAM, USDJ
                                            Hon. Kiyo A. Matsumoto
                                            United States District Judge