```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

LUIS RODRIGUEZ,

                Petitioner,
                                                    MEMORANDUM AND ORDER
        -against-
                                                    19-cv-3218 (KAM)
SUPERINTENDENT BELL,

                Respondent.

----------------------------------------x
```
**KIYO A. MATSUMOTO, United States District Judge:**

Petitioner Luis Rodriguez ("Mr. Rodriguez") brings this action pursuant to 28 U.S.C. § 2254 seeking a reduction in his state sentence of twenty-five years' imprisonment and five years' post-release supervision ("PRS") for Manslaughter in the First Degree. This action followed Mr. Rodriguez's unsuccessful efforts to reduce his sentence in the interest of justice on direct appeal. Mr. Rodriguez's basis for relief is that, as a first-time felony offender, he was eligible for a sentence of between five- and twenty-five-years' imprisonment but received the maximum possible sentence. Mr. Rodriguez's petition fails to present a federal question because his sentence falls within the range prescribed by state law and is therefore DENIED.

## Background

On December 13, 2011, in Coney Island, Brooklyn, Mr. Rodriguez stabbed Nina Khalanskaia ("Ms. Khalanskaia") multiple times in her head and body. (ECF No. 14-1, Transcript of

1

September 8, 2015 Plea Hearing ("Plea Tr."), at 05:02-22.) Ms. Khalanskaia died as a result of her wounds. (*Id.*) Mr. Rodriguez then pawned a gold necklace which he took from Ms. Khalanskaia at a pawnshop. (*Id.* at 06:05-09.)

## I. The State Conviction

Mr. Rodriguez was charged in the Supreme Court of the State of New York, Kings County (the "Supreme Court") with Murder in the Second Degree, N.Y. Penal Law § 125.25[1], and Grand Larceny in the Fourth Degree, N.Y. Penal Law § 155.30[1]. With his counsel, Mr. Rodriguez negotiated an agreement under which he would plead guilty to Manslaughter in the First Degree, N.Y. Penal Law § 125.20[1], in exchange for a sentence of twenty-five years in custody and five years of PRS, thereby avoiding the risk of an indeterminate sentence of twenty-five years to life imprisonment on the murder charge. (Plea Tr. at 02:08-13.) Mr. Rodriguez pleaded guilty pursuant to this agreement. (*Id.* at 08:25-09:04.)

On October 8, 2015, Mr. Rodriguez appeared before the Supreme Court for sentencing. (ECF No. 14-1, Transcript of October 8, 2015 Sentencing.) The Supreme Court provided Mr. Rodriguez and defense counsel with an opportunity to be heard. (*Id.* at 02:16-24, 03:18-25.) Defense counsel briefly remarked that "this [was] [his] client's first conviction," that "[his] client] is a very good character," and that "[his client] should

2

be home as soon as possible to his [two young] children." (*Id.* at 02:25-03:05.) The Supreme Court then imposed the negotiated sentence of twenty-five years in custody and five years of PRS. (*Id.* at 04:02-05.)

I. **The Direct Appeal**

Mr. Rodriguez appealed his sentence to the Supreme Court of the State of New York, Appellate Division, Second Department (the "Appellate Division"). (ECF No. 14-1, Notice of Motion for Order Reducing Sentence.) Mr. Rodriguez moved the Appellate Division to reduce his sentence in the interest of justice. (*Id.*) On appeal, Mr. Rodriguez stressed the mitigating factors in his case – notably, his status as a first-time felon and troubled upbringing – and cited instances in which appellate courts had reduced sentences under comparable circumstances. (ECF No. 14-1, Memorandum of Law in Support of Motion for Order Reducing Sentence, at 8-14.) The Appellate Division issued a brief order finding that Mr. Rodriguez's sentence "was not excessive." *People v. Rodriguez*, 71 N.Y.S.3d 386 (2d Dep't 2018).

Mr. Rodriguez appealed the Appellate Division's decision to the New York Court of Appeals (the "Court of Appeals"). (*Id.*) On May 25, 2018, the Court of Appeals, like the Appellate Division, affirmed Mr. Rodriguez's sentence. *People v. Rodriguez*, 31 N.Y.3d 1086 (2018). Mr. Rodriguez did

3

not file a petition for a writ of certiorari with the United States Supreme Court.

## II. The Instant Action

On May 20, 2019, Mr. Rodriguez filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, seeking a sentence reduction. (ECF No. 1, Petition.) The Court reviewed Mr. Rodriguez's petition as required by the Rules Governing Section 2254 Cases in the United States District Courts ("2254 Rules") and found it plainly deficient. *Rodriguez v. Bell*, 2019 U.S. Dist. LEXIS 172886 (E.D.N.Y. Oct. 4, 2019).

By Memorandum and Order dated October 4, 2019, the Court advised Mr. Rodriguez that "[his] failure to provide any grounds for relief, or any facts supporting his application whatsoever, could present grounds for dismissal." (*Id.* at *2.) The Court granted Mr. Rodriguez leave to file an amended petition which "provides facts to support his claim that he is being held in violation of the Constitution or laws of the United States." (*Id.* at *2-3.)

On November 7, 2019, Mr. Rodriguez filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 10, Amended Petition.) Mr. Rodriguez's amended petition seeks an order reducing his sentence, alleging the following supporting facts:

4

> State law for a first[-]time felony offender states [that an] offender can receive a sentence of 5-15 years no more than 25 years[.] Prior to sentencing[,] my past mental history was given to both prosecutor and judge [along with] letters from close friends [and] co-worker[s] stating my long history of goodness in the community[.] I also wrote to both the judge and prosecutor [describing] my remorsefulness for the crime.

(*Id.* at 5.) Mr. Rodriguez raises no other grounds for relief.[1]

On December 18, 2019, the Court ordered Respondent to show cause why Mr. Rodriguez's habeas petition should not be granted and entered a scheduling order governing the parties' briefing in this action. (ECF No. 12, Order to Show Cause.) The Court granted Respondent sixty days to respond to Mr. Rodriguez's petition. (*Id.* at 1.) The Court directed that Mr. Rodriguez "file any reply to [R]espondent's answer within thirty (30) days of the filing of the answer." (*Id.* at 2.)

On January 13, 2020, Respondent filed his opposition to Mr. Rodriguez's petition for a writ of habeas corpus. (ECF No. 14, Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus.) Respondent argues that Mr. Rodriguez's excessive sentence claim does not present a federal question because his sentence falls within the range prescribed by state law. (*Id.* at 1.) Respondent further argues that, to the extent Mr. Rodriguez's sentence would present a federal question, it is

---

[1] Mr. Rodriguez also filed a motion to appoint counsel. (ECF No. 11, Letter Motion to Appoint Counsel.) Finding that petitioner's position was not "likely to be of substance," the Court denied the motion without prejudice. (*See* ECF Dkt. Order, Dec. 19, 2019.)

5

not excessive given the seriousness of Mr. Rodriguez's crime and considering the benefits Mr. Rodriguez obtained by pleading guilty to manslaughter, not murder. (*Id.* at 2-3.)

Because the Government filed its answer on January 13, 2020, Mr. Rodriguez had until February 12, 2020 to file his reply brief. (Order to Show Cause, at 2.) Respondent provided confirmation that Mr. Rodriguez was served with the scheduling order setting forth the timetable for filing a reply. (ECF No. 13, Mail Receipt.) Yet, Mr. Rodriguez did not file a reply, nor did he request an extension of time to file a reply or otherwise indicate that he intended to submit further briefing. The Court therefore deems Mr. Rodriguez's petition to be fully briefed and will proceed to address its merits.

## Legal Standard

Title 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits. 28 U.S.C. § 2254(d). AEDPA imposes a very deferential standard of

review, "requiring courts to assess whether the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Garner v. Lee*, 908 F.3d 845, 861 n.14 (2d Cir. 2018), *cert. denied*, No. 18-8348, 2019 WL 1104003 (U.S. Apr. 22, 2019) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Under AEDPA, the reviewing court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (citing *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). A petitioner will prevail on a claim under 28 U.S.C. § 2254(d)(1) only if he can show that "the state court arrive[d] at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decide[d] a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000).

7

**Discussion**

The Supreme Court sentenced Mr. Rodriguez to the negotiated sentence of twenty-five years' imprisonment and five years' PRS for Manslaughter in the First Degree. "Manslaughter in the first degree is a class B felony." N.Y. Penal Law § 125.20. "[T]he sentence imposed upon a person who stands convicted of a class B . . . violent felony offense[, including manslaughter in the first degree, as defined in section 125.20,] must be a determinate sentence of imprisonment which shall be in whole or half years." *Id.* § 70.02(1)(a), (2)(a). "[T]he term [of imprisonment] must be at least five years and must not exceed twenty-five years." *Id.* § 70.02(3)(a). "The period of [PRS] for a determinate sentence . . . shall be five years except that . . . such period shall be not less than two and one-half years nor more than five years whenever a determinate sentence of imprisonment is imposed pursuant to subdivision three of section 70.02 of this article . . . upon a conviction of a class B . . . violent felony offense." N.Y. Penal Law § 70.45(2)(f).

Mr. Rodriguez argues that his negotiated sentence, the maximum allowed by statute, is excessive because it does not account for mitigating circumstances (namely, his status as a first-time offender and remorsefulness). Mr. Rodriguez does not assert that any of his constitutional rights was violated. As

Mr. Rodriguez does not indicate which, if any, constitutional rights his sentence violates, it appears he seeks to revive the argument from his direct appeal that his sentence should be reduced in the interest of justice. Although "New York's Appellate Division has discretion to reduce a sentence in the interest of justice, a federal habeas court considering a state-court conviction has no such power, and a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right." *Baide-Ferrero v. Ercole*, No. 06-CV-6961 (RJS), 2010 WL 1257615, at *4 (S.D.N.Y. Mar. 31, 2010) (Sullivan, D.J.) (citing N.Y. Crim. Proc. L. § 470.15); *see also Medina v. Greene*, 03-CV-8646 (DC), 2004 WL 2809196 at *4 (S.D.N.Y. Dec. 7, 2004) (Chin, D.J.). Mr. Rodriguez's claim "is, therefore, not cognizable in this proceeding." *Baide-Ferrero*, 2010 WL 1257615, at *4.

The Court could liberally construe Mr. Rodriguez's petition as alleging that the sentence imposed is "grossly disproportionate to the severity of the crime." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980); *see also Herrera v. Artuz*, 171 F. Supp. 2d 146, 151 (S.D.N.Y. 2001) (Baer, D.J.) (construing excessive sentence claim of *pro se* habeas petitioner to assert an Eighth Amendment violation). Such a claim would arguably be unexhausted because Mr. Rodriguez "did not fairly present the excessive sentence claim in federal constitutional

9

terms," but instead seemingly "'appealed to the New York Appellate Division's interest of justice' power." *Medina*, 2004 WL 2809196, at *4; *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("[Petitioner] argues that [his sentence] . . . violated the Eighth Amendment. In prior state court proceedings, however, [petitioner] did not claim his sentence deprived him of any federal constitutional right. Thus, [petitioner] failed to exhaust the remedies available in state court, and federal courts need not consider the claim."); *Rahman v. Lamanna*, No. 17-CV-8186, 2019 WL 199984, at *15 (S.D.N.Y. Jan. 15, 2019) ("In state court, Petitioner advanced his excessive sentencing claim on state statutory, rather than federal, grounds. As such, his claim his unexhausted.").

Even assuming Mr. Rodriguez's excessive sentence claim is not procedurally unexhausted, it fails on the merits. The Second Circuit has held that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White*, 969 F.2d at 1383 (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y. 1988), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989)); *see also Taylor v. Connelly*, 18 F. Supp. 3d 242, 268 (E.D.N.Y. 2014) ("An excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law."). Mr. Rodriguez does not contest that New York law

10

permits a sentence of twenty-five years' imprisonment for Manslaughter in the First Degree, *see* N.Y. Penal Law § 70.02(1)(b), 3(a), nor does he challenge the constitutionality of the statute under which he was sentenced, *Silvestre v. Capra*, No. 15-CV-9425 (KPF) (DCF), 2018 WL 3611988, at *33 (S.D.N.Y. July 27, 2018) ("[I]n the absence of a challenge to the [statute under which the petitioner was sentenced], a federal excessive-sentence claim may only be maintained if the sentence imposed fails to comply with state law.").

In light of the foregoing, the Court finds that Mr. Rodriguez's excessive sentence claim neither presents a federal constitutional issue nor a basis for habeas relief. *Guadalupe v. Superintendent, Great Meadow Corr. Facility*, No. 17-CV-7832 (VB), 2019 WL 6533245, at *6 (S.D.N.Y. May 20, 2019), *report and recommendation adopted sub nom. Guadalupe v. Superintendent, Upstate Corr. Facility*, No. 17-CV-7832 (VB), 2019 WL 6529286 (S.D.N.Y. Dec. 4, 2019) (rejecting claim of excessive sentence where petitioner sentenced to twenty-five years' imprisonment for manslaughter on grounds that sentence is within the range prescribed by state law and, thus, does not provide a basis for habeas relief); *Silvestre*, 2018 WL 3611988, at *33 (same); *Alvarado Ajcuc v. New York*, No. 18-CV-00183 (JMA), 2019 WL 3409515, at *5 (E.D.N.Y. July 29, 2019) (rejecting claim of excessive sentence where petitioner was sentenced to two

concurrent indeterminate terms of twenty-five years' to life imprisonment for two counts of murder).[2]

## Conclusion

For the reasons stated above, Mr. Rodriguez's § 2254 petition is DENIED and DISMISSED. Because Mr. Rodriguez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (discussing certificate of appealability standard); Rule 11, 2254 Rules ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The Clerk of Court is respectfully directed to enter judgment in favor of Respondent, to serve Mr.

---

[2] Were the question properly before this Court, it would agree with Respondent that the sentence imposed was not excessive. As Respondent notes, Mr. Rodriguez was charged with murder and burglary but was allowed to plead guilty to manslaughter, thereby receiving a determine sentence of twenty-five years' imprisonment rather than an indeterminate sentence with a maximum of life. Given the severity of the crime charged, Mr. Rodriguez's admission of his guilt, and the potential for a life sentence, the Court does not find Mr. Rodriguez's sentence to be excessive. *See, e.g.*, *Devaney v. Miller*, No. 17-CV-5259 (WFK), 2018 WL 10070290, at *2 (E.D.N.Y. Aug. 20, 2018), *certificate of appealability denied*, No. 17-CV-5259 (WFK), 2018 WL 10070286 (E.D.N.Y. Oct. 12, 2018) ("While the [United States] Supreme Court has outlined factors to consider in deciding whether a penalty is grossly disproportionate to the offense . . . this is not one of the 'rare[ ]' cases where the 'reviewing court . . . [is] required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.' It is sufficient to state that a sentence of twenty-three years of imprisonment is not constitutionally disproportionate for a conviction of Manslaughter in the First Degree and Assault in the First Degree, resulting from Petitioner violently killing his mother and attempting to kill his father." (quoting *Solem v. Helm*, 463 U.S. 277, 284 (1983)).

Rodriguez with a copy of this Memorandum and Order and the Judgment and note service on the docket, and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
March 2, 2020

/s/
Hon. Kiyo A. Matsumoto
United States District Judge